# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOBHY ISKANDER, | Case No. ED CV 18-2288 SJO (MRW) |
| Petitioner, | **ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |
| v. | |
| DEAN BORDERS, Warden, | |
| Respondent. | |

The Court summarily dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

1. Petitioner is a state prisoner. He wants to challenge his 2010 convictions and sentence for child sexual abuse.

2. Petitioner previously sought habeas relief in this Court regarding that criminal case. In 2016, this Court denied Petitioner's habeas corpus petition alleging that his sentence violated the federal constitution. <u>Iskander v. Borders</u>, ED CV 16-554 (SJO) (MRW). The Ninth Circuit Court of Appeals denied a certificate of appealability. (Docket # 26.)

3. The current petition appears to allege another challenge to Petitioner's original state criminal case. The petition is not accompanied by a certificate from the Ninth Circuit authorizing a second or successive petition under 28 U.S.C. § 2244.

4. Petitioner is well aware of his obligation to obtain such authorization from the federal appellate court. In September 2018, the Ninth Circuit <u>denied</u> a request for permission to file a new habeas action. (C.A. No. 18-70321 at Docket # 10.) Additionally, Petitioner filed another successive petition application with the Ninth Circuit in October 2018. That request remains pending. (C.A. No. 18-72902 at Docket # 2.)

5. Magistrate Judge Wilner issued an order informing Petitioner of the requirements of the successive petition rule under AEDPA. (Docket # 3.) Judge Wilner's order noted Petitioner's unsuccessful efforts to obtain permission from the Ninth Circuit to file a new action in the district court. The order offered Petitioner an opportunity to explain why the case should not be dismissed as successive.

6. Petitioner submitted a brief response. (Docket # 5.) Petitioner failed to address the successive petition issue. Instead, he presented arguments involving the substance of his new habeas action and his original conviction.

\* \* \*

7. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 8U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order

for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

8. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

9. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. <u>Id.</u>; <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

10. "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." <u>Brown v. Muniz</u>, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); <u>Prince v. Lizzaraga</u>, 733 F. App'x 382, 384 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for permission to have his petition heard in the district court").

\* \* \*

11. Petitioner's current habeas action is subject to summary dismissal. The petition challenges the same sexual abuse conviction that was the subject of his earlier habeas action. The Ninth Circuit expressly <u>denied</u> Petitioner permission to bring a new habeas action in this Court. (C.A. No. 18-70321 at Docket # 10.)

12. As a result, Petitioner does not have the ability under Section 2244(b)(3)(A) to bring this habeas case. The current petition must be dismissed

without further proceedings.  28 U.S.C. § 2244(b); Burton, 549 U.S. at 156; Brown, 889 F.3d at 667; Prince, 733 F. App'x at 384.

\* \* \*

Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: 11/27/18

HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE